**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | § Chapter 7 |
| | § |
| Tovarria Eloise Guess, | § Case No. 25-13293-DJB |
| | § |
| Debtor. | § |

**REQUEST OF THE UNITED STATES TRUSTEE TO SCHEDULE A
HEARING TO REVIEW THE FEE AGREEMENT
BETWEEN DEBTOR AND COUNSEL**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby requests (this "Request") the scheduling of a hearing to review the engagement agreement (the "Engagement Agreement") between Tovarria Eloise Guess (the "Debtor") and Vicki Ann Piontek, Esquire ("Counsel"). In support of this Request, the U.S. Trustee states as follows:

**JURISDICTION**

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Request.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia*

1

*Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion.  *Id.*

3. The Court's duty of oversight of fee matters embraces a broad supervisory power over any fees charged by attorneys in contemplation of, or in connection with, a bankruptcy case.  *See e.g., In re Fleet*, 95 B.R. 319, 338 (E.D. Pa. 1989).

4. The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.  *See* L.B.R. 9014-3(b)(2).

## BACKGROUND AND FACTS

5. On October 18, 2022, the Court, through Chief Bankruptcy Judge Magdeline D. Coleman, entered the *Standing Order Requiring Disclosure Of Bifurcated Fee Agreements In Chapter 7 Cases* (the "<u>Standing Order</u>").

6. The Standing Order requires that in any chapter 7 case in which counsel has entered into a bifurcated fee agreement with the debtor, that counsel file a (i) notice, (ii) a copy of the pre-filing agreement, and (iii) and copy of the post-

filing agreement. The documents are required to be filed within seven (7) days of the petition date.

7. The Standing Order further provides that the Court will hold a hearing to review the agreement upon the request of the U.S. Trustee.

8. On August 19, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code").

9. On September 22, 2025, Counsel filed the *Bifurcated Chapter 7 Bankruptcy Fee Agreement* (Docket No. 25) (the "Pre-Filing Agreement").

10. The Standing Order required filing of the Pre-Filing Agreement within seven (7) days of the Petition Date.

11. The Pre-Filing Agreement was not filed until thirty-four (34) days after the Petition Date.

12. The Standing Order required filing of a notice and the post-filing agreement within seven (7) days of the Petition Date.

13. Neither of those documents have been filed. It seems clear from review of the Pre-Filing Agreement that no post-petition agreement is contemplated and therefore does not exist and that the bifurcation agreement is in fact a unitary single agreement.

14. The Pre-Filing Agreement required that Debtor pay the $338.00 filing fee prior to the Petition Date. The Pre-Filing Agreement further provides that

3

Counsel would not receive any compensation prior to the Petition Date. Counsel will receive all $1,500 of compensation after the Petition Date.

## REQUEST FOR HEARING

15.     The Bankruptcy Code's statutory framework generally prohibits postpetition payment of attorney's fees arising from prepetition retention agreements in chapter 7 cases. The Supreme Court held in *Lamie v. United States Trustee,* 540 U.S. 526, 537 (2004) that chapter 7 debtors' attorney's fees may not be paid out of the bankruptcy estate, and almost all courts that have considered the issue have held that attorney's fees owing under a prepetition retainer agreement are a dischargeable debt.

16.     When reviewing attorney fee agreements in consumer cases, the first consideration is to ensure that the agreements serve the best interests of clients, not their professionals. In undertaking that review, the Court must ensure that there is a proper allocation of prepetition and postpetition fees and services.

17.     Fees earned for prepetition services must be either paid prepetition or waived, because the debtor's obligation to pay those fees is dischargeable. It is particularly important to ensure – and to clearly document – that debtors receive appropriate prepetition consultation and legal advice, including with respect to exemptions and chapter selection.[1]

---

[1] The Bankruptcy Code requires attorneys to certify, by signing the petition, that they have performed a reasonable investigation into the facts and circumstances of the case and that the attorney, after performing an adequate inquiry, has no knowledge that the information in the schedules is incorrect. 11 U.S.C. §§ 707(b)(4)(C–D).

4

18. Debtors who enter into bifurcated fee agreements should receive the same level of prepetition representation as debtors who enter into traditional fee agreements. Prior to filing a bankruptcy case, counsel must ensure that a debtor is properly advised on his or her obligations and rights in bankruptcy. The consultation that an attorney provides prior to the debtor's decision to file must include a critical analysis of the debtor's assets and liabilities and the corresponding obligation to file complete and accurate schedules of assets and liabilities and statement of financial affairs. *See e.g., In re Gartei*, 2022 Bankr. LEXIS 3772, at *3-4 (Bankr. E.D. Pa. Aug. 11, 2022) (Judge Frank) ("[P]erhaps the most critical work performed by debtor's counsel in a chapter 7 case is the gathering and evaluation of sufficient information to ensure the propriety of the filing, both from a good faith and tactical perspective. This requires a review of a debtor's assets, debts and financial history, sufficient for counsel to form make an informed judgment call regarding the possible existence of non-exempt property, nondischargeable debts, potentially avoidable transfers and income levels that may render the filing in bad faith within the meaning of 11 U.S.C. §707(b).")

19. Additionally, fees for postpetition services must be rationally related to the services actually rendered postpetition, so that a flat postpetition fee is not a disguised method to collect fees for prepetition services.

20. Through this Request, the U.S. Trustee requests scheduling of a hearing to review the Engagement Agreement between the Debtor and Counsel to review, among other things, the sufficiency of the disclosures provided by Counsel to

the Debtor, the allocation of fees and services and the adequacy of the prepetition services provided, and the reasonableness of the totality of the fees charged.

**WHEREFORE,** the U.S. Trustee respectfully requests the scheduling of a hearing and such other and further relief as the Court deems just and proper.

Dated: September 26, 2025    Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Region 3**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: 202.934.4154
John.Schanne@usdoj.gov