**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | § § § | Chapter 7 |
| Tovarria Eloise Guess, | § § | Case No. 25-13293-DJB |
| Debtor. | § § § | |

**SETTLEMENT STIPULATION BY AND BETWEEN
UNITED STATES TRUSTEE AND VICKI ANN PIONTEK, ESQUIRE**

This stipulation (the "Stipulation") is entered into by and between Andrew R. Vara, the United States Trustee for Region 3 (the "U.S. Trustee"), and Vicki Ann Piontek, Esquire ("Counsel" and together with the U.S. Trustee, the "Parties") and is subject only to approval by the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"). The Parties hereby stipulate the following:

**RECITALS**

WHEREAS, on October 18, 2022, the Court, through Chief Bankruptcy Judge Magdeline D. Coleman, entered the *Standing Order Requiring Disclosure Of Bifurcated Fee Agreements In Chapter 7 Cases* (the "Standing Order");

WHEREAS, the Standing Order requires that in any chapter 7 case in which counsel has entered into a bifurcated fee agreement with the debtor, that counsel file the following within seven (7) days of the petition date: (i) notice, (ii) a copy of the pre-filing agreement, and (iii) and copy of the post-filing agreement;

WHEREAS, on August 19, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code");

1

WHEREAS, on September 22, 2025, Counsel filed the *Bifurcated Chapter 7 Bankruptcy Fee Agreement* (Docket No. 25) (the "Pre-Filing Agreement");

WHEREAS, notwithstanding that the Standing Order required filing of the Pre-Filing Agreement within seven (7) days of the Petition Date, the Pre-Filing Agreement was not filed until thirty-four (34) days after the Petition Date;

WHEREAS, notwithstanding that the Standing Order required filing of a notice and the post-filing agreement within seven (7) days of the Petition Date, those documents have not been filed;

WHEREAS, the post-filing agreement was not filed because there is no post-filing agreement with the Debtor and the bifurcation agreement with the Debtor is a unitary pre-filing agreement;

WHEREAS, the Pre-Filing Agreement provides that the Debtor pay the $338.00 filing fee prior to the Petition Date;

WHEREAS, the Pre-Filing Agreement provides that Counsel would not receive any compensation prior to the Petition Date and would receive all $1,500 of compensation after the Petition Date;

WHEREAS, on September 26, 2025, the U.S. Trustee filed the *Request Of The United States Trustee To Schedule A Hearing To Review The Fee Agreement Between Debtor And Counsel* (Docket No. 31) (the "Request");

WHEREAS, in entering into a bifurcated fee agreement, the fees charged under the agreement must be fair and reasonable, the agreement must be entered into with the debtor's fully informed consent, and the agreement must be adequately disclosed;

2

WHEREAS, fees earned for prepetition services must be either paid prepetition or waived, because the debtor's obligation to pay those fees is dischargeable;

WHEREAS, fees for postpetition services must be rationally related to the services actually rendered postpetition, so that a flat postpetition fee is not a disguised method to collect fees for prepetition services;

WHEREAS, the Parties engaged in good-faith, arm's-length discussions regarding the Request and the agreement between Counsel and the Debtor, and as a result thereof entered into this Stipulation, which contains the proposed terms upon which the Parties agree to resolve the matters on a consensual basis without need for an evidentiary hearing.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby stipulate and agree as follows:

## **STIPULATION**

1. Counsel waives the right to payment of the $1,500 in this case.  Counsel shall receive no payment in this case other than the $338.00 filing fee received prior to the Petition Date.

2. Henceforth, in any case in which Counsel seeks to enter into a bifurcated fee agreement with a chapter 7 debtor, Counsel shall comply with the *Guidelines for United States Trustee Program (USTP) Enforcement Related to Bifurcated Chapter 7 Fee Agreements*, dated June 10, 2022.

3. This Stipulation is subject to and conditioned upon the entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the Stipulation (the "Stipulation Order").

4. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

5. This Stipulation may be executed in multiple counterparts and by facsimile or by PDF attached to an email, with each such facsimile or PDF counterpart being deemed an original and constituting one original document when combined.

6. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, have caused the Stipulation to be duly executed as set forth below.

Dated: November 17, 2025

| United States Trustee | Vicki Ann Piontek, Esq. |
|---|---|
| By: /s/ *John Schanne*<br>    John Schanne, Trial Attorney<br>    United States Department of Justice<br>    Office of the United States Trustee<br>    Robert NC Nix, Sr. Federal Building<br>    900 Market Street, Suite 320<br>    Philadelphia, PA 19107<br>    Phone: (202) 934-4154<br>    Email: john.schanne@usdoj.gov<br><br><br>    Counsel for United States Trustee | By: /s/ *Vicki Ann Piontek*<br>    Vicki Ann Piontek, Esquire<br>    58 East Front Street<br>    Danville, PA 17821<br>    Phone: 215-290-6444<br>    Fax : 866-408-6735<br>    Email: vicki.piontek@gmail.com |